NO. 22-11226

United States Court Of Appeals For
The Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

# APPELLANT TIMOTHY BARTON'S OPPOSITION TO RECEIVER'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

## **Argument**

Cort Thomas, a receiver appointed by the district court (hereinafter the "Receiver"), seeks permission to file a *second* amicus brief in this case.

As an initial matter, the Receiver did not confer with the Appellant before filing this motion, and it contains no certification that the Receiver "contacted or attempted to contact all other parties," let alone one that "indicate[s] whether an opposition will be filed." 5th Cir. R. 27.4. That apparently explains the need for the Securities and Exchange Commission to make a filing with its position. *SEC v. Barton*, No. 22-11226 (5th Cir. 2022) [Docket No. 55].[1] The first time that the Appellant knew about the motion was when his counsel received the file-served copy. That deviation from the Court's rules is itself sufficient grounds for denying the Receiver's motion.

With regard to the substance of the instant motion seeking to file a second amicus brief, the Appellant opposes the motion, particularly

[1] Hereinafter, the Appellant will refer to items on this court's docket, other than the instant motion and proposed second amicus brief, by their docket number.

because the procedural posture of this case is identical to when the Receiver filed his first amicus brief. The mere desire of an amicus curiae to say more on a given topic does not justify giving that amicus a second bite at the apple.

The Receiver first attempted to participate in this case as a party in interest or intervenor, filing a motion to be recognized as such on January 20, 2023. Docket No. 29. The Court denied that motion on January 25, 2023, instead granting the Receiver alternative relief: the Receiver could participate in this case as an amicus curiae and file his proposed "motion to dismiss as an amicus curiae brief." Docket No. 34-2 at 2. The Receiver did so that same day. Docket No. 35.

The Receiver appears, in the present motion, to argue that he did not previously file an amicus brief, but rather that this Court "granted leave for the Receiver to file *a motion to dismiss* the appeal." Mot. at 1 (emphasis added). Not so. Although there is no doubt that the Receiver styled his first amicus brief as a motion to dismiss, and that the Court would have treated it as a motion if the Receiver was permitted to intervene or participate *as a party*, the Court's order was clear: the Receiver only could participate in this case as an amicus curiae and only

had permission to submit his filing "*as an amicus curiae brief*." Docket No. 34-2 at 2 (emphasis added). The Court's docket reflects that reality.

| | | |
|---|---|---|
| 01/25/2023 | 35<br>21 pg, 427.99 KB | AMICUS CURIAE BRIEF FILED by Mr. Cortney Christopher Thomas. Consent is Not Necessary as a Motion has been Granted.<br># of Copies Provided: 0 [22-11226] (MFY) [Entered: 01/25/2023 03:06 PM] |

If that were not an amicus brief, the filing would have been labeled as a "motion", the Court would have requested a response, and, ultimately, that motion would have been presented to an appropriate panel of this Court for resolution. None of those things happened. Instead, the Court treated the Receiver's filing as an amicus brief, consistent with the Court's order.

The Receiver provides no meaningful justification as to why he should receive leave to file an unheard-of *second* amicus brief.[2] Neither party has filed any motions in this case or attempted to proceed outside the normal course of this Court's briefing, so there is no change in

[2] Although the Fifth Circuit does not appear to have a rule governing this exact scenario, that is likely a result of how extraordinary the Receiver's request is. In one example of courts disfavoring the practice of filing multiple amicus briefs, let alone one party filing more than one amicus brief, the Court of Appeals for the D.C. Circuit requires that, if multiple amici support the same party, they "must join in *a single brief* to the extent practicable." D.C. Cir. R. 29(d) (emphasis added).

procedural posture. Further, the Receiver's reasons for seeking leave appear identical to reasons asserted the first time around. *Compare* Mot. at 1 (expressing "concerns about the denial of the right to defend the Receivership Estate"); *id.* (noting that the SEC did not argue the sale motion in the district court); *id* at 2 (arguing that "the Receiver should also be heard regarding an appeal of an order issued at the Receiver's request") *with* Docket No. 29 at 8 (initial motion arguing that the Receiver's "absence" as a party will cause "potential[] harms"); Docket No. 29 at 8 (initial motion noting that the SEC "did not participate" in the motion before the district court).

Indeed, the Receiver's proposed second amicus brief appears aimed at relitigating matters raised in his motion to intervene and his first amicus brief. The proposed second amicus brief devotes an entire argument section to bemoaning "[t]he Receiver's Absence as an Appellee," Proposed Amicus Brief, Docket No. 49 at 13, and asks the Court to "include[]" the Receiver "as a party and permit[ him] to be heard." *Id.* at 15. Further, the proposed second brief requests that "[t]he appeal . . . be dismissed for lack of jurisdiction," *id.*, which is mere repetition of what the Receiver asked for in his first amicus brief. *See*

Docket No. 35 at 8 ("The Receiver respectfully requests that the Court dismiss this appeal for lack of jurisdiction."). Finally, the Receiver admits that "the SEC has addressed the merits of [the] appeal." Mot. at 2. Desire to support a party that has already addressed the merits sometimes may be sufficient justification for filing *one* amicus brief, but not *two*.

## Conclusion

The instant motion amounts to nothing more than an attempt by an amicus curiae to get another opportunity to make his case, despite having already filed an amicus brief months ago. The Receiver does not justify seeking such an extraordinary privilege, and there is little in the Receiver's proposed second amicus brief to recommend allowing him to inundate these proceedings with repetition of arguments already made. The Securities and Exchange Commission—the Plaintiff below—is perfectly capable of defending the details of the receiver remedy that the Commission sought, if a defense of implementing that remedy by kicking the Appellant out of his only home is possible. Moreover, the Receiver is congesting the Court's docket with duplicative motions without following this Court's rules requiring a movant to seek the position of the parties

prior to requiring the Court to deal with a request. The Appellant therefore respectfully requests that the Court deny the Receiver's motion to file a second amicus brief.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Michael J. Edney*
Michael J. Edney
Michael Dingman
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*
*mdingman@huntonak.com*

Ted A. Huffman
HUNTON ANDREWS KURTH LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979-3000
*thuffman@huntonak.com*

ATTORNEYS FOR APPELLANT
TIMOTHY LYNCH BARTON

April 13, 2023

# Certificate of Filing and Service

I hereby certify that on April 13, 2023, this motion was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F St., N.E.
Washington, DC 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange Commission
801 Cherry St., Suite 1900
Fort Worth, TX 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*

## Certificate of Compliance

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 1,066 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*