NO. 22-11226

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

**PETITION FOR PANEL REHEARING**
Date of Decision: June 19, 2023
Panel: Wiener, Elrod, and Engelhardt

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... ii
TABLE OF AUTHORITIES ..... iii
INTRODUCTION ..... 1
STATEMENT OF THE ISSUES ..... 5
STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE ..... 5
ARGUMENT AND AUTHORITIES ..... 9
I. The Panel Decision Conflicts with this Court's Precedents Holding That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable. ..... 10
II. The Panel Decision Also Conflicts with this Court's Precedent Holding That One Panel Cannot Overrule Another. ..... 15
CONCLUSION ..... 17
Certificate of Filing and Service ..... 19
Certificate of Compliance ..... 20

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Bonvillian Marine Serv., Inc.*,
19 F.4th 787 (5th Cir. 2021) .......... 16

*Broussard v. S. Pac. Transp. Co.*,
665 F.2d 1387 (5th Cir. 1982) .......... 1, 16

*Burge v. Parish of St. Tammany*,
187 F.3d 452 (5th Cir. 1999) .......... 2, 9, 15

*Grabowski v. Jackson Cnty. Pub. Defs. Office*,
47 F.3d 1386 (5th Cir. 1995) .......... 16

*Johnson v. Moral*,
843 F.2d 846 (5th Cir. 1988) .......... 16

*Netsphere, Inc. v. Baron*,
703 F.3d 296 (5th Cir. 2012) .......... 7, 11

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015) .......... *passim*

*Sage v. Cent. R. Co. of Iowa*,
96 U.S. 712 (1877) .......... 10

*SEC v. Barton*,
72 F.4th 640 (5th Cir. Jun. 28, 2023) .......... *passim*

*SEC v. Barton*,
No. 22-11226, 2023 WL 4060191 (5th Cir. June 19, 2023) .......... 2, 6, 7

*Securities and Exchange Comm'n v. Janvey*,
404 F. App'x 912 (5th Cir. 2010) .......... *passim*

*United States v. "A" Mfg. Co., Inc.*,
541 F.2d 504 (5th Cir. 1976) .......... *passim*

*United States v. Castro-Alfonso*,
841 F.3d 292 (5th Cir. 2016) ..... 16

*United States v. Dial*,
542 F.3d 1059 (5th Cir. 2008) ..... 16

*United States v. Setser*,
607 F.3d 128 (5th Cir. 2010) ..... 2, 9, 15

**Rules**

Fifth Circuit Internal Operating Procedure 35 ..... 16

## INTRODUCTION

By holding that a district court order authorizing a receiver to sell property is not immediately appealable, the panel decision conflicts with three decisions of this Court. *United States v. "A" Mfg. Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *see Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015) (hereinafter "*Netsphere II*"). The panel should grant rehearing, reverse its holding that this Court lacks jurisdiction, and proceed to the merits, in order to avoid this clear conflict with the prior precedents of this Court.

Absent reversal through this panel granting rehearing, the panel decision would effectively overrule precedential, published decisions of this Court without involving the *en banc* Court, in direct conflict with this Court's general rule that one panel cannot overrule the holding of another panel. *Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (collecting cases); *Janvey*, 404 F. App'x at 914 (applying this rule to reject a Securities and Exchange Commission request for a panel to hold—contrary to prior precedent—that district court orders authorizing a Commission-requested receiver to sell property are not

immediately appealable); *see also United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

In this case, the District Court appointed a receiver over nearly all assets connected with the Appellant. Since this panel's decision, a separate panel of this Court held that the District Court's appointment of a receiver was in error and vacated it. *SEC v. Barton*, 72 F.4th 640, 645 (5th Cir. Jun. 28, 2023). The issuance of the mandate for that decision is pending.

The instant appeal concerns a District Court order—subsequent to the order appointing the Receiver—that authorized the Receiver to sell the Appellant's personal residence. In dismissing the appeal for lack of jurisdiction, the unpublished panel decision that is the subject of this rehearing petition held that the District Court's order authorizing the sale of the Appellant's property "is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable." *SEC v. Barton*, No. 22-11226, 2023 WL 4060191, at *1 (5th Cir. June 19, 2023) (hereinafter "Op." at 1, attached as Exhibit A). That holding cannot be reconciled with three prior decisions of this Court, holding that a

district court order authorizing a receiver to sell property is immediately appealable. *"A" Mfg.*, 541 F.2d at 506; *Janvey*, 404 F. App'x at 914 (declining SEC request to depart from *"A" Manufacturing* and to hold that the Court lacked jurisdiction to hear an immediate appeal from an order authorizing a receiver to sell property); *Netsphere II,* 799 F.3d at 333-34 (confirming Circuit precedent that orders authorizing receivers to sell property are immediately appealable final orders).

This panel of the Court should grant rehearing to avoid that conflict. When it does so, the panel should proceed to the merits. And the panel should then consider summarily reversing the District Court's order below, as it was sought by a receiver another panel of this Court has held to be improperly appointed. *Barton*, 72 F.4th at 648.

Simultaneously with the instant petition for panel rehearing, the Appellant has filed a petition for rehearing *en banc*, which by Circuit rule is first referred to the panel. 5th Cir. I.O.P. 35. Appellant respectfully submits that the panel can and should act on rehearing to avoid the need for the *en banc* Court to step in in order to ensure the uniformity of this Court's decisions. The Commission has presented no compelling reason to depart from this Court's precedents making orders authorizing

property sales by receivers immediately appealable. It could have sought, but did not seek, initial hearing *en banc* in some sustained and serious effort to reverse these precedents. And this case—where the District Court allowed a Government-sought Receiver to kick a defendant out of his only home before a drop of discovery is shared, much less any trial demonstrating liability for anything—is hardly compelling occasion for departing from this Court's long-standing rule. The particular order under appeal, if anything, is glaring justification for why there must be immediate appellate jurisdiction over such orders.

## STATEMENT OF THE ISSUES

1. Whether the panel should reverse its decision that district court orders authorizing a receiver to sell property are immediately appealable to avoid a direct conflict with this Court's prior precedent in *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); and *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015)?

2. Whether the panel lacked authority to depart from this Court's precedent on the above issue without first involving the *en banc* Court?

## STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

This case began when the United States Securities and Exchange Commission filed a civil suit against the Appellant, accusing him of securities fraud. Days later, the Commission asked the District Court to appoint a receiver over all entities directly or indirectly controlled by the Appellant. On October 18, 2022, the District Court granted the Commission's request. That same day, the Receiver removed the

Appellant from his company offices and seized all commercial assets controlled by him. On the third day of the receivership, the Receiver also removed the Appellant from his family home—a 4 bedroom, approximately 3,840 square foot, house located at 4107 Rock Creek Drive in Dallas, Texas.

Appellant then sought an emergency court order to block the Receiver from removing him from his home and to clarify that the house was outside the Receiver's control. The District Court denied the request twenty-five minutes later, without explanation. At the Receiver's request, the District Court then authorized the Receiver to sell the Appellant's home, and the Appellant appealed from that order. *See SEC v. Barton*, No. 22-11226, Record Excerpts of Appellant Timothy Barton at 21-25 (5th Cir. Mar. 6, 2023) (ECF No. 41).

The Commission did not move to dismiss the appeal, but argued in its merits brief that the court of appeals lacks jurisdiction over it. *See id.*, Brief of Appellee at 11-13 (5th Cir. Mar. 29, 2023) (ECF No. 45). Prior to setting the case for oral argument, a panel of this Court dismissed the appeal for lack of jurisdiction in a June 19, 2023, unpublished opinion. Op. at 1. The panel held that the order authorizing the Receiver to sell

the Appellant's home "is not a final decision amenable to appellate review," explaining that Congress made only orders appointing receivers and certain other receiver-related orders immediately appealable. *Id.* (citing the statutory section providing special appellate jurisdiction over certain receiver-related orders, 28 U.S.C. § 1292(a)(2)).

Ten days later, on June 28, 2023, a separate panel of this Court in a published opinion held that the District Court erred in appointing the receiver and vacated the order doing so. *Barton*, 72 F.4th at 648. This Court explained that the District Court did not hold the Commission to the high standards for appointing a receiver, including the requirements to establish "1) a clear necessity to protect the defrauded investors' interest in property, 2) legal and less drastic equitable remedies are inadequate, and 3) the benefits of receivership outweigh the burdens on the affected parties." *Id.* at 645 (citing *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012) (hereinafter "*Netsphere I*")). These high standards must be enforced—before the Government seizes a citizen's property through a receivership—because a "[r]eceivership is 'an extraordinary remedy that should be employed with the utmost caution.'" *Id.*

The Court further held that the District Court erred by placing virtually all of the Appellant's assets into receivership, without a specific inquiry into what property was the proceeds of alleged securities fraud in the underlying case. *Id.* at 647. At oral argument, the panel repeatedly questioned the Commission about having seized and attempted to sell the Appellant's home, without any effort to trace affected proceeds into that asset. *SEC v. Barton*, No. 22-11132, Transcription of Oral Argument at 25:15-26:7 (5th Cir. May 1, 2023).

Before this Court held that the entire receivership was invalid, the District Court issued orders approving the sale of several other of the properties associated with the Appellant's commercial real estate business. The Appellant appealed three of those orders. In a case involving the sale of the Appellant's realty interest in two real estate projects, the Court did not dismiss the appeal and has set the case for oral argument in October 2023. *SEC v. Barton*, No. 22-11242, Oral Argument Notice (5th Cir. July 26, 2023) (ECF No. 63).

In two other appeals that had not been briefed as of the time of the instant panel's decision, the Commission moved to dismiss the appeals for lack of subject matter jurisdiction, relying *exclusively on the panel*

*decision that is the subject of this rehearing petition.* A motions panel of this Court granted those motions on July 17, 2023, without further explanation. *SEC v. Barton*, No. 23-10515 (5th Cir. July 17, 2023) (ECF No. 48-2); *SEC v. Barton*, No. 23-10516 (5th Cir. July 17, 2023) (ECF No. 36-1).

## ARGUMENT AND AUTHORITIES

The panel decision directly conflicts with prior opinions of this Court—two of which are published and precedential—that orders authorizing a receiver to sell property are immediately appealable. *"A" Mfg.*, 541 F.2d at 506; *see Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. Because there has been no intervening contrary decision by the Supreme Court or this Court sitting *en banc*, the panel lacked authority to hold that there was no jurisdiction over an immediate appeal of an order authorizing a receiver to sell property. *Janvey*, 404 F. App'x at 914 (rejecting Commission request to a panel of this Court to overrule *"A" Manufacturing* and to hold that orders authorizing SEC-requested receivers to sell property are not immediately appealable, explaining that only the *en banc* Court could do so); *see also Setser*, 607 F.3d at 131; *Burge*, 187 F.3d at 466.

The panel should: (i) grant rehearing; (ii) recognize its lack of authority to enter a holding contrary to prior Circuit precedent and reverse its holding that this Court lacks jurisdiction; and (iii) either summarily vacate the decision below in light of this Court's intervening decision that the Receiver seeking authority for the sale was invalidly appointed or schedule this matter for oral argument on the merits.

## I. The Panel Decision Conflicts with this Court's Precedents Holding That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable.

Nearly 150 years ago, the Supreme Court of the United States set forth a general rule that "a decree confirming a sale . . . may be appealed from" without awaiting a final judgment in the entire underlying case. *Sage v. Cent. R. Co. of Iowa,* 96 U.S. 712, 714 (1877). In 1976, this Court held that an order authorizing a sale of real property by a receiver is no exception to this principle and is immediately appealable even as the underlying case continues. *"A" Mfg.*, 541 F.2d at 506. And the Court has reaffirmed that holding twice, once in 2010 and again in 2015. *Janvey*, 404 F. App'x at 914 (holding that an order authorizing a receiver to sell property is immediately appealable); *Netsphere II*, 799 F.3d at 333-34.

The Court's latest precedential decision on this topic, carefully preserved and reaffirmed this Court's long-standing rule that orders authorizing a receiver to sell property are immediately appealable. *Netsphere II,* 799 F.3d at 333-34.[1] The Court explained that the special appellate rules for other receivership orders do not alter that principle. *Id.* In doing so, the Court in *Netsphere II* clarified that *"A" Manufacturing*'s holding did not arise from Section 1292(a)(2) of Title 28, the provision of the United States Code directed specifically at the appealability of certain orders related to a receivership. *Id.* To quote the Court:

> *"A" Manufacturing*'s holding—that orders confirming a sale are immediately appealable—was based on its interpretation of three cases that, pursuant to an entirely different jurisprudential line [than those interpreting 28 U.S.C. §

[1] There are two key historical panel decisions under the title of *Netsphere, Inc. v. Baron*. The first decision concerned an appeal to an order appointing a receiver, and set forth the standards a party seeking a receivership must meet to obtain one. *Netsphere I*, 703 F.3d at 301, 305-06. A separate panel of this Court relied on the *Netsphere I* decision to overturn the order appointing the receiver in this matter. *Barton*, 72 F.4th at 645-46. The second *Netsphere* decision involved an appeal to an order approving the fees charged by the receiver. *Netsphere II*, 799 F.3d at 330. In that decision, the Court considered the array of interlocutory orders regarding a receiver's activities that are immediately appealable, holding that the fee order was not one of them. *Id.* at 331-32.

> 1292(a)(2), regarding appeals from certain orders regarding receivers], had held that orders confirming sales were immediately appealable.

*Netsphere II*, 799 F.3d at 333. That separate line of cases, "'spanning a century, clearly establish[es] the rule that an interlocutory order commanding a sale, and one confirming a sale are appealable.'" *Id.* at 333 n. 35 (quoting *"A" Mfg.*, 541 F.2d at 506).

Indeed, the cases the Court relied upon in *"A" Manufacturing* stem from an interpretation of Section 1291 of Title 28 and other doctrines of appellate jurisdiction that regard orders confirming sales as "final decisions" that are immediately appealable. *See "A" Mfg.*, 541 F.2d at 506. And the principle applies both inside and outside the receivership context.

In other words, orders confirming sales of real property having nothing to do with a receiver also would be immediately appealable. Nothing about the additional statutory authority to seek immediate appeal of certain orders regarding a receivership changes that general principle when a receiver is involved. By clarifying that the rule that receiver sale orders are appealable is grounded *outside* the special statutory provision for appealing orders relating to a receivership, the

Court was able to classify as *dicta* the *"A" Manufacturing* panel's reference to Section 1292(a)(2) as one of the bases for that decision. *Id.* at 334. And it was able to adopt a narrower interpretation of Section 1292(a)(2) in denying an immediate appellate right for receiver-related orders other than sale orders. *Id.* at 333.

The application of this Court's long-standing rule to the instant appeal shows its importance. Here, the District Court, with little analysis, seized the Appellant's *family home*, gave it to a third-party receiver, and authorized the Receiver to permanently sell it to a third party. The District Court did so before engaging in any meaningful analysis of the mandatory standards for appointing a receiver. *Barton*, 72 F.4th at 646. And it did so without determining whether the most routine of Appellant's personal assets—his only home—were somehow the proceeds of allegedly illegal activity. *Id.* at 647. Indeed, at oral argument, members of this Court pointed to the seizure of the Appellant's home as the lead symptom of uncareful decisionmaking regarding whether there should be a receivership and what assets should be included in it. *SEC v. Barton*, No. 22-11132, Transcription of Oral Argument at 27:6-28:16 (5th Cir. May 1, 2023).

Absent an immediate appeal, the District Court's order authorizing the sale of the Appellant's home could have sent that asset off to a third party, had a new family move into the home, and presented a transaction that would have been very difficult to unwind at the end of what could have been a lengthy case. There is a permanence to allowing a sale of real property to close and, for that reason, this Court hears immediate appeals from lower court orders authorizing them, whether they occur inside or outside the context of a receivership.

The panel should grant rehearing to correct to avoid the above-explained conflict with this Court's prior precedents. Now that another panel of this Court has reversed the District Court's order appointing a receiver, the panel also should summarily reverse the District Court's order authorizing the sale of the Appellant's home. *Barton*, 72 F.4th at 648. While it is possible the Commission may seek the appointment of another receiver over a yet unknown scope of assets on remand to the District Court, that possibility does not salvage the efforts of the invalidly appointed receiver to seize and to sell the Appellant's home. In the alternative, the panel should set the instant appeal for oral argument on the merits.

## II. The Panel Decision Also Conflicts with this Court's Precedent Holding That One Panel Cannot Overrule Another.

If not corrected, the panel's decision would be assuming the exclusive power of the *en banc* Court to reverse prior panel decisions of this Court, which is in direct conflict with this Court's precedent. This Court has repeatedly held that a panel may not rule contrary to a prior panel decision of this Court absent an intervening decision by the Supreme Court or by this Court sitting *en banc*. *Netsphere II*, 799 F.3d at 333-34; *Setser*, 607 F.3d at 131; *Burge*, 187 F.3d at 466.

When a panel of this Court confronted a prior Commission request to overturn "*A" Manufacturing* and hold that orders authorizing sales of property by receivers are not immediately appealable, that panel correctly held that it lacked the authority to do so and that such a request may only be made to the *en banc* Court. *Janvey*, 404 F. App'x at 914. As the Court explained: "It is well-established that a panel does not have the authority to overrule a previous panel's decision absent an intervening, contrary, or superseding decision by this court, sitting en banc, or by the Supreme Court." *Id.* (*citing Setser,* 607 F.3d at 131).

This principle has been repeated in numerous published, precedential decisions of this Court. *See, e.g.*, *United States v. Castro-Alfonso*, 841 F.3d 292, 297 (5th Cir. 2016) ("The Fifth Circuit rule of orderliness dictates that 'absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court," a panel cannot overrule another panel's decision.'"); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) ("our rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'"); *Grabowski v. Jackson Cnty. Pub. Defs. Office*, 47 F.3d 1386, 1397 (5th Cir. 1995), *on reh'g en banc*, 79 F.3d 478 (5th Cir. 1996) ("As this court has repeatedly held, one panel cannot overrule another panel, even if one disagrees with the decision."); *Johnson v. Moral*, 843 F.2d 846, 848 (5th Cir. 1988), *on reh'g sub nom.*, 876 F.2d 477 (5th Cir. 1989) ("No rule is more firmly settled in our Circuit than that 'no panel...can overrule a decision previously made by another.'"); *Broussard*, 665 F.2d at 1389 ("The general rule in this Circuit is that one panel cannot overrule another panel.").

Importantly, this "rule is strict and rigidly applied." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). The

panel should reverse its prior decision to honor the *en banc* Court's exclusive authority to overrule panel precedent.

## CONCLUSION

If allowed to stand, the panel opinion effectively would overrule longstanding Fifth Circuit precedent establishing that district court orders authorizing receivers to sell property are immediately appealable to this Court. *"A" Mfg.*, 541 F.2d at 506; *see Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. The panel should grant rehearing, hold that there is subject matter jurisdiction over the instant appeal, and avoid the conflict with Circuit precedent. The panel should then either (i) summarily reverse the decision below in light of this Court's intervening ruling that the Receiver was invalidly appointed, *Barton*, 72 F.4th at 648; or (ii) schedule the case for oral argument on the merits.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: August 13, 2023

## Certificate of Filing and Service

I hereby certify that on August 13, 2023, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F St., N.E.
Washington, DC 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange Commission
801 Cherry St., Suite 1900
Fort Worth, TX 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

/s/ *Michael J. Edney*

## Certificate of Compliance

I hereby certify that this document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 3,338 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*

# Exhibit A

# United States Court of Appeals for the Fifth Circuit

---

No. 22-11226

---

United States Court of Appeals
Fifth Circuit
**FILED**
June 19, 2023
Lyle W. Cayce
Clerk

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Timothy Barton appeals the district court's approval of the sale of receivership property (the "Sale Order")—specifically, the sale of his home for the purpose of recouping Barton's unlawful gains from defrauded investors. We dismiss this appeal for lack of jurisdiction. The Sale Order is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We have jurisdiction to review only a limited set of interlocutory appeals. *Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir. 1995) ("Interlocutory appellate jurisdiction is the exception rather than the rule."). Congress has expressly set forth categories of receivership-related orders that may be appealed immediately. 28 U.S.C. § 1292(a)(2) (granting jurisdiction over appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property"). The Sale Order is not for purposes of "winding up" the instant receivership; it was instead "entered in the normal course of a receivership." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-32 (5th Cir. 2015). Neither was the Sale Order issued in the context of a foreclosure, which is a final order amenable to appeal. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. 1981).

Barton contends that the collateral order doctrine applies here. We disagree. As the collateral order inquiry is premised on entire categories of orders, we consider generally the sale of real property in the ordinary course of a receivership. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). Having weighed the relevant factors, we decline to permit appeals for such orders. *Id.* Indeed, Congress went out of its way to permit immediate appeals from a limited set of orders related to receiverships, including the appointment of a receiver in the first place. 28 U.S.C. § 1292(a)(2). As was the case here, the initial decision to place property under receivership was reviewed by the district court and reviewed again on appeal. The parties have engaged in vigorous motions practice below over what assets should be subject to the receivership in an effort to claw back illicit gains. The Sale Order came after all this review. It simply serves to ensure that the details of the sale are in the receivership's best interest. Such administrative matters need not and should not be immediately appealable.

Case: 22-11226 Document: 74-1 Page: 3 Date Filed: 06/13/2023



This appeal is DISMISSED for lack of jurisdiction.