NO. 22-11226

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

**PETITION FOR REHEARING EN BANC**
Date of Decision: June 19, 2023
Panel: Wiener, Elrod, and Engelhardt

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Parties**

   a. **Defendant-Appellant**: Timothy Barton

   b. **Plaintiff-Appellee**: Securities and Exchange Commission

   c. **Intervenors**:

      i. United States of America

      ii. Gillespie Villas LLC

      iii. Venus59 LLC

      iv. TRTX Properties LLC

      v. MXBA LLC

      vi. Titan Investments LLC

      vii. HNGH Turtle Creek, LLC

   d. **Other Personal Defendants** (entity defendants included below)

      i. Haoqiang Fu *also known as* Michael Fu

ii. Stephen T. Wall

2. **Attorneys**

a. **For Appellant**: Hunton Andrews Kurth LLP: Michael J. Edney, Roger Gibboni, Leah Nommensen, Paige Dusthimer

b. **For Appellee**: Keefe M. Bernstein, James E. Etri, David B. Reece

c. **For Defendant Stephen T. Wall**: Johnson Vaughn & Heiskell: Michael P. Heiskell

d. **For Interested Party HNGH Turtle Creek**: Kirkland & Ellis LLP: Erin Angela Nealy Cox; Kane Russell Coleman & Logan PC: John Joseph Kane

e. **For Interested Party Maximilien Barton**: Norton Rose Fulbright US LLP: Nathan Benjamin Baum, Christopher Ryan Cooke

f. **For Intervenors Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, and Titan Investments LLC**: Norton Rose Fulbright US LLP: Nathan Benjamin Baum, Christopher Ryan Cooke

g. **For Interested Party David Dhiraj Ramolia**: Chandler & Shavin PLLC: Eliot Dana Shavin, Daniel Rasoul Alexander; Chandler Law PC: Corinna Pia Chandler

h. **For Interested Party Palisades-TC, LLC**: Tillotson Law: Jonathan Patton

i. **For Interested Party Circle H Contractors, LP**: Slates Harwell LLP: Aaron Capps

j. **For Interested Party MFO Venus Development, LLC**: Ian Fullington

**3. Other**

**a. 159 Other Entities Seized**

| | | |
|---|---|---|
| Carnegie Development, LLC (Defendant) | WALL007, LLC (Defendant) | WALL009, LLC (Defendant) |
| WALL010, LLC (Defendant) | WALL011, LLC (Defendant) | WALL012, LLC (Defendant) |
| WALL016, LLC (Defendant) | WALL017, LLC (Defendant) | WALL018, LLC (Defendant) |

| | | |
|---|---|---|
| WALL019, LLC (Defendant) | DJD Land Partners, LLC (Relief Defendant) | LDG001, LLC (Relief Defendant) |
| BM318 LLC | D4DS LLC | D4FR LLC |
| D4KL LLC | Enoch Investments LLC | FHC Acquisition LLC |
| Goldmark Hospitality LLC | JMJ Acquisitions LLC | JMJ Development LLC |
| JMJAV LLC | JMR100 LLC | Lajolla Construction Management LLC |
| Mansions Apartment Homes at Marine Creek LLC | MO 2999TC, LLC | Orchard Farms Village LLC |
| Villita Towers LLC | 126 Villita LLC | AVEG WW, LLC |
| AVG West, LLC fka JMJ Acquisitions, LLC | Barton Texas Water District, LLC | Barton Water District, LLC |

| | | |
|---|---|---|
| BC Acquisitions, LLC | BEE2019, LLC | Broadview Holdings, LLC |
| Broadview Holdings Trust | BSJ Trading, LLC | BUILD VIOLET, LLC |
| Carnegie Development, Inc. | D4AT, LLC | D4AVEG, LLC |
| D4BM, LLC | D4BR, LLC | D4IN, LLC |
| D4MC, LLC | D4OP, LLC | D4OPM, LLC |
| D4SMC, LLC | D4WP, LLC | Dallas Real Estate Investors, LLC |
| Dallas Real Estate Lenders, LLC | Dallas Real Estate Management, LLC | Five Star GM, LLC |
| Five Star MM, LLC | FIVE STAR MM, LLC | Five Star TC, LLC |
| Glenwood (18340) Property, LLC | HR Sterling, LLC | Illuminate Dallas, LLC |
| JB Special Asset, LLC | JMJ Acquisitions Mgmt, LLC | JMJ Aviation, LLC |

| | | |
|---|---|---|
| JMJ BLUES TX, LLC | JMJ Centre, LLC | JMJ Development Brasil, LTDA |
| JMJ Development, Inc | JMJ Development Fund | JMJ Development Fund, Inc |
| JMJ EB5 Fund, LP | JMJ EB5 Fund GP, LLC | JMJ Holdings, LLC |
| JMJ Holdings US LLC | JMJ Holdings USA, Inc. | JMJ Home Building Inc. |
| JMJ Hospitality, LLC | JMJ Hospitality General Trading FZE | JMJ Hospitality UAE |
| JMJ Investments Limited | JMJ Land Acquisition, Inc | JMJ Land Development, Inc |
| JMJ Land Venture, LLC | JMJ MF Development, LLC | JMJ Mezzanine, Inc |
| JMJ Multifamily, Inc | JMJ Offshore, LTD | JMJ Regional Center, LLC |
| JMJ Residential, LLC | JMJ Valley Center, LLC | JMJ VC Management, LLC |

| | | |
|---|---|---|
| JMJ148, LLC | JMJAV, LLC | JMJD4, LLC |
| JMJD4Allensville LLC | JMJDWG, LLC | JMJKH, LLC |
| LC Aledo TX, LLC | Lynco Ventures, LLC | Lynn Investments, LLC |
| Lynco Ventures, LLC | Mansion Apartment Homes at Marine Creek, LLC | MCFW, LLC |
| MCRS2019, LLC | Middlebury Trust | MMCYN, LLC |
| MXBA Managed, LLC | MXBA Services, LLC | Myra Park 635, LLC |
| Northstar 114, LLC | Northstar PM, LLC | One Agent, LLC |
| One Agent Texas, LLC | ONE FHC, LLC | One MFD4, LLC |
| One Pass Investments, LLC | One RL Trust | ONE SF Residential, LLC |
| Residential MF Assets, LLC | Ridgeview Addition, LLC | Riverwalk Invesco, LLC |

| | | |
|---|---|---|
| Riverwalk Opportunity Management, LLC | Riverwalk OZFM, LLC | Riverwalk OZFV, LLV |
| Riverwalk QOZBJ, LLC | Riverwalk QOZBM, LLC | Riverwalk QOZBV, LLC |
| Seagoville Farms, LLC | SF Rock Creek, LLC | SK Carnegie, LLC |
| STL Park, LLC | The MXBA Trust | The Timothy L. Barton Irrevocable Life Insurance Trust |
| TLB 2018 Trust | TLB 2019 Trust | TLB 2020 Trust |
| TRWF, LLC | TRWF LODGE, LLC | VenusBK195, LLC |
| VenusPark201, LLC | WRL2019, LLC | 126 Villita Towers, LLC |
| 2999 Acquisitions, LLC | 2999 Middlebury, LLC | 2999 Roxbury, LLC |

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC fka 2999TC, LLC | 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC | 2999TC Founders, LLC |
| 2999TC JMJ, LLC | 2999TC JMJ, LLC | 2999TC JMJ CMGR, LLC |
| 2999TC JMJ Equity, LLC | 2999TC LP, LLC | 2999TC JMJ MGR, LLC |
| 2999TC MZ, LLC | 2999TC MM, LLC | TC Hall, LLC |
| Titan 2022 Investment, LLC | Marine Creek SP, LLC | Aledo TX, LLC |

**b. Interested Parties**

i. Bank of America, N.A. (Respondent)

ii. Maximilien Barton

iii. Palisades-TC, LLC

iv. Circle H Contractors, LP

v. MFO Venus Development, LLC

**c. Receiver & Amicus**

i. Cortney Thomas

*/s/ Michael J. Edney*
Counsel for Timothy Barton

## INTRODUCTION AND RULE 35(B)(1) STATEMENT

By holding that a district court order authorizing a receiver to sell property is not immediately appealable, the panel decision conflicts with three decisions of this Court. *United States v. "A" Mfg. Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015) (hereinafter "*Netsphere II*"). And by overruling precedential, published decisions of this Court without involving the *en banc* Court, the panel's decision is likewise in direct conflict with this Court's general rule that one panel cannot overrule another panel. *Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (collecting cases); *see United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *see also Janvey*, 404 F. App'x at 914 (applying this rule to reject a Securities and Exchange Commission request for a panel to hold that district court orders authorizing a Commission-requested receiver to sell property are not immediately appealable). Consideration by the full court is necessary to secure or maintain the uniformity of this Court's decisions.

In this case, the District Court appointed a receiver over nearly all assets connected with the Appellant. On June 28, 2023, a separate panel of this Court held that the District Court's appointment of a receiver was error and vacated it. *SEC v. Barton*, 72 F.4th 640, 645 (5th Cir. 2023) (issuance of mandate pending).

The instant appeal concerns a District Court order—subsequent to the order appointing the Receiver—that authorized the Receiver to sell the Appellant's personal residence. In dismissing the appeal for lack of jurisdiction, the unpublished panel decision that is the subject of this petition held that the District Court's order authorizing the sale of the Appellant's property "is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable." *SEC v. Barton*, No. 22-11226, 2023 WL 4060191, at *1 (5th Cir. June 19, 2023) (hereinafter "Op." attached as Exhibit A).

The panel's decision is directly contrary to Circuit precedent holding that a district court order authorizing a receiver to sell property is immediately appealable. *"A" Mfg.*, 541 F.2d at 506; *Janvey*, 404 F. App'x at 914 (declining SEC's request to depart from *"A" Manufacturing* and to hold that the Court lacked jurisdiction to hear an immediate

appeal from an order authorizing a receiver to sell property); *Netsphere II,* 799 F.3d at 333-34 (confirming Circuit precedent that orders authorizing receivers to sell property are immediately appealable final orders).

The Appellant has filed a contemporaneous petition for panel rehearing, asking the panel to reverse its decision in order to avoid the direct conflict with prior decisions of this Court. Given the abbreviated and unpublished nature of the opinion, it is possible the conflict with prior precedent was inadvertent. Appellant respectfully submits that the panel reversing course and avoiding the direct conflict with this Court's precedent is the best course of action.

In the event panel rehearing were not granted, the *en banc* Court should grant rehearing to resolve the conflict that would then be presented—between the panel's unpublished decision, on the one hand, and *"A" Manufacturing*, *Netsphere II*, and *Janvey*, on the other hand—regarding whether a district court authorizing a receiver to sell property is immediately appealable. Fed. R. App. P. 35(b)(1)(A). If the panel were not to grant rehearing, allowing its decision to stand would create another conflict with Circuit precedent, as the panel decision would stand

for the proposition that a panel of this Court may overrule a prior, published Circuit precedent without first convening the *en banc* Court. *Setser*, 607 F.3d at 131 ("[i]t is a firm rule of this Circuit that in the absence of an intervening contrary or superseding decision by this court sitting *en banc* or by the United States Supreme Court, a panel cannot overrule a prior panel's decision.") (quoting *Burge*, 187 F.3d at 466); *Janvey*, 404 F. App'x at 914 (same).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................ ii
INTRODUCTION AND RULE 35(B)(1) STATEMENT .......................... xi
TABLE OF CONTENTS ........................................................................ xv
TABLE OF AUTHORITIES ................................................................... xvi
STATEMENT OF THE ISSUES ................................................................ 1
STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE ............................................................... 1
STATEMENT OF FACTS NECESSARY TO THE ARGUMENT ............ 5
ARGUMENT AND AUTHORITIES ......................................................... 6
I. Rehearing En Banc Is Warranted Because the Panel Decision Conflicts with This Circuit's Established Precedent That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable. ........................................................................... 6
II. Rehearing En Banc Is Also Necessary to Preserve This Circuit's Rule That A Panel Cannot Overrule Prior Precedent Without the En Banc Court. .................................................................. 12
CONCLUSION ....................................................................................... 15
Certificate of Filing and Service ............................................................. 17
Certificate of Compliance ....................................................................... 18

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Bonvillian Marine Serv., Inc.*,
19 F.4th 787 (5th Cir. 2021) .......... 14

*Broussard v. S. Pac. Transp. Co.*,
665 F.2d 1387 (5th Cir. 1982) .......... xi, 13

*Burge v. Parish of St. Tammany*,
187 F.3d 452 (5th Cir. 1999) .......... xi, xiv, 6, 12

*Douglass v. Nippon Yusen Kabushiki Kaisha*,
46 F.4th 226 (5th Cir. 2022) .......... 14

*Grabowski v. Jackson Cnty. Pub. Defs. Office*,
47 F.3d 1386 (5th Cir. 1995) .......... 13

*Johnson v. Moral*,
843 F.2d 846 (5th Cir. 1988) .......... 13, 14

*Netsphere, Inc. v. Baron*,
703 F.3d 296 (5th Cir. 2012) .......... 3, 7

*Netsphere, Inc. v. Baron*,
799 F.3d 327 (5th Cir. 2015) .......... *passim*

*Sage v. Cent. R. Co. of Iowa*,
96 U.S. 712 (1877) .......... 7

*SEC v. Barton*,
72 F.4th 640 (5th Cir. 2023) .......... *passim*

*SEC v. Barton*,
No. 22-11226, 2023 WL 4060191 (5th Cir. June 19, 2023) .......... xii, 2, 14

*Securities and Exchange Comm'n v. Janvey*,
404 F. App'x 912 (5th Cir. 2010) .......... *passim*

*United States v. "A" Mfg. Co., Inc.*,
541 F.2d 504 (5th Cir. 1976) ........................................................ *passim*

*United States v. Calverley*,
11 F.3d 505 (5th Cir. 1993) ................................................................ 14

*United States v. Castro-Alfonso*,
841 F.3d 292 (5th Cir. 2016) .............................................................. 13

*United States v. Dial*,
542 F.3d 1059 (5th Cir. 2008) ............................................................ 13

*United States v. Hurtado*,
905 F.2d 74 (5th Cir. 1990) ................................................................ 14

*United States v. Setser*,
607 F.3d 128 (5th Cir. 2010) ........................................................ *passim*

**Rules**

Fed. R. App. P. 35(b)(1)(A) ................................................................ xiii, 12

Fed. R. App. P. 35(b)(2) ........................................................................ 6

## STATEMENT OF THE ISSUES

1. Whether the panel erred by holding that district court orders authorizing the sale of property are not immediately appealable, in direct conflict with this Court's prior precedent in *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976); *Securities and Exchange Comm'n v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); and *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015)?

2. Whether the panel lacked authority to depart from this Court's precedent on the above issue without first involving the *en banc* Court?

## STATEMENT OF THE COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

This case began when the Securities and Exchange Commission filed a civil suit against the Appellant, accusing him of securities fraud. Days later, the Commission asked the District Court to appoint a receiver over all entities directly or indirectly controlled by the Appellant. On October 18, 2022, the District Court granted the Commission's request. That same day, the Receiver removed the Appellant from his company offices and seized all commercial assets controlled by him. On the third day of the receivership, the Receiver also removed the Appellant from his

family home—a 4 bedroom, approximately 3,840-square-foot, house located at 4107 Rock Creek Drive in Dallas, Texas.

Appellant then sought an emergency court order to block the Receiver from removing him from his home and to clarify that the house was outside the Receiver's control. The District Court denied the request twenty-five minutes later, without explanation. At the Receiver's request, the District Court then authorized the Receiver to sell the Appellant's home, and the Appellant appealed from that order. *See SEC v. Barton*, No. 22-11226, Rec. Exc. at 21-25.

The Commission did not move to dismiss the appeal, but argued in its merits brief that the court of appeals lacks jurisdiction over it. *See id.*, Brief of Appellee at 11-13 (5th Cir. Mar. 29, 2023) (ECF No. 45). Prior to setting the case for oral argument, a panel of this Court dismissed the appeal for lack of jurisdiction in a June 19, 2023, unpublished opinion. Op. at 1. The panel held that the order authorizing the Receiver to sell the Appellant's home "is not a final decision amenable to appellate review," explaining that Congress made only a certain subset of receiver-related orders—orders appointing the receiver and certain others—immediately appealable. *Id.*

Ten days later, on June 28, 2023, a separate panel of this Court in a published opinion held that the District Court erred in appointing the receiver and vacated the order doing so. *SEC v. Barton*, 72 F.4th 640, 648 (5th Cir. 2023). This Court explained that the District Court did not hold the Commission to the high standards for appointing a receiver, including the requirements to establish "1) a clear necessity to protect the defrauded investors' interest in property, 2) legal and less drastic equitable remedies are inadequate, and 3) the benefits of receivership outweigh the burdens on the affected parties." *Id.* at 645 (citing *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012) (hereinafter "*Netsphere I*")). These high standards must be enforced—before the Government seizes a citizen's property through a receivership—because a "[r]eceivership is 'an extraordinary remedy that should be employed with the utmost caution.'" *Id.*

The Court further held that the District Court erred by placing virtually all of the Appellant's assets into receivership, without a specific inquiry into what property was the proceeds of alleged securities fraud in the underlying case. *Id.* at 647. At oral argument, the panel repeatedly questioned the Commission about having seized and

attempting to sell the Appellant's home without any effort to trace affected proceeds into that asset. *SEC v. Barton*, No. 22-11132, Transcription of Oral Argument at 25:15-26:7 (5th Cir. May 1, 2023).

Before this Court held that the entire receivership was invalid, the District Court issued orders approving the sale of several other of the properties associated with the Appellant's commercial real estate business. The Appellant appealed three of those orders. In a case involving the sale of the Appellant's realty interest in two real estate projects, this Court did not dismiss the appeal and has set the case for oral argument in October 2023. *SEC v. Barton*, No. 22-11242, Oral Argument Notice (5th Cir. July 26, 2023) (ECF No. 63).

In two other appeals that had not been briefed as of the time of the instant panel's decision, the Commission moved to dismiss the appeals for lack of subject matter jurisdiction, *relying exclusively on the panel decision that is the subject of this petition*. A motions panel of this Court granted those motions on July 17, 2023, without further explanation. *SEC v. Barton*, No. 23-10515 (5th Cir. July 17, 2023) (ECF No. 48-2); *SEC v. Barton*, No. 23-10516 (5th Cir. July 17, 2023) (ECF No. 36-1).

## STATEMENT OF FACTS NECESSARY TO THE ARGUMENT

No additional facts are necessary to the argument of the issues.

## ARGUMENT AND AUTHORITIES

### I. Rehearing En Banc Is Warranted Because the Panel Decision Conflicts with This Circuit's Established Precedent That Orders Authorizing a Receiver to Sell Property Are Immediately Appealable.

The panel decision directly conflicts with prior opinions of this Court—two of which are published and precedential—that orders authorizing a receiver to sell property are immediately appealable. *"A" Mfg.*, 541 F.2d at 506; *see Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. Because there has been no intervening contrary decision by the Supreme Court or this Court sitting *en banc*, the panel lacked authority to hold that there was no jurisdiction over an immediate appeal of an order authorizing a receiver to sell property. *Janvey*, 404 F. App'x at 914 (rejecting Commission request to a panel of this Court to overrule *"A" Manufacturing* and hold that orders authorizing SEC-requested receivers to sell property are not immediately appealable); *see also United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). The *en banc* Court should grant rehearing to resolve the conflict with this Court's prior decisions and "to secure and maintain the uniformity of the [C]ourt's decisions." Fed. R. App. P. 35(b)(2).

Nearly 150 years ago, the Supreme Court of the United States set forth a general rule that "a decree confirming a sale . . . may be appealed from" without awaiting a final judgment in the entire underlying case. *Sage v. Cent. R. Co. of Iowa,* 96 U.S. 712, 714 (1877). In 1976, this Court held that an order authorizing a sale of real property by a receiver is no exception to this principle and is immediately appealable even as the underlying case continues. *"A" Mfg.*, 541 F.2d at 506. And this Court has confirmed that holding twice, once in 2010 and again in 2015. *Janvey*, 404 F. App'x at 914 (holding that an order authorizing a receiver to sell property is immediately appealable); *Netsphere II*, 799 F.3d at 333-34.

In 2015, a panel of this Court to great care to preserve and to ratify the holding that orders authorizing a receiver to sell property are immediately appealable. *Netsphere II,* 799 F.3d at 333-34.[1] In doing

[1] There are two key historical panel decisions under the title of *Netsphere, Inc. v. Baron*. The first decision concerned an appeal to an order appointing a receiver and set forth the standards a party seeking a receivership must meet to obtain one. *Netsphere, I*, 703 F.3d at 301, 305-06. A separate panel of this Court relied on the *Netsphere I* decision to overturn the order appointing the receiver in this matter. *Barton*, 72 F.4th at 645-46. The second *Netsphere* decision involved an appeal to an order approving the fees charged by the receiver. *Netsphere II*, 799 F.3d at 330. In that decision, the Court considered the array of interlocutory

so, the Court in *Netsphere II* clarified that "*A" Manufacturing*'s holding did not arise from Section 1292(a)(2) of Title 28, the provision of the United States Code directed specifically at the appealability of certain orders related to a receivership. *Id.* To quote the Court:

> *"A" Manufacturing*'s holding—that orders confirming a sale are immediately appealable—was based on its interpretation of three cases that, pursuant to an entirely different jurisprudential line [than those interpreting 28 U.S.C. § 1292(a)(2), regarding appeals from certain orders regarding receivers], had held that orders confirming sales were immediately appealable.

*Id.* at 333. That separate line of cases, "'spanning a century, clearly establish[es] the rule that an interlocutory order commanding a sale, and one confirming a sale are appealable.'" *Id.* at 333 n. 35 (quoting "*A" Mfg.*, 541 F.2d at 506).

Indeed, the cases the Court relied upon in *"A" Manufacturing* stem from an interpretation of Section 1291 of Title 28 and other doctrines of appellate jurisdiction that regard orders confirming sales as "final decisions" that are immediately appealable. *See* "*A" Mfg.*, 541

---

orders regarding a receiver's activities that are immediately appealable, holding that the fee order was not one of them. *Id.* at 331-32.

F.2d at 506. And the principle applies both inside and outside the receivership context.

In other words, orders confirming sales of real property having nothing to do with a receiver also would be immediately appealable. Nothing about the additional statutory authority to seek immediate appeal of certain orders regarding a receivership changes that general principle when a receiver is involved.

By clarifying that the Court's long-standing rule that receiver sale orders are appealable is grounded *outside* the special statutory provision for appealing orders relating to a receivership, the Court was able to classify as *dicta* the *"A" Manufacturing* panel's reference to Section 1292(a)(2) as one of the bases for that decision. *Id.* at 334. And it was able to adopt a narrower interpretation of Section 1292(a)(2) in denying an immediate appellate right for receiver-related orders other than sale orders. *Id.* at 333.

The application of this Court's long-standing rule to the instant appeal shows its importance. Here, the District Court, with little analysis, seized the Appellant's *family home*, gave it to a third-party receiver, and authorized the Receiver to permanently sell it to a third

party. The District Court did so before engaging in any meaningful analysis of the mandatory standards for appointing a receiver. *Barton*, 72 F.4th at 646. And it did so without determining whether the most routine of Appellant's personal assets—his only home—were somehow the proceeds of allegedly illegal business-related activity. *Id.* at 647. Indeed, at oral argument, judges of this Court pointed to the seizure of the Appellant's home as the lead symptom of uncareful decision-making regarding whether there should be a receivership and, if so, what assets should be included in it. *SEC v. Barton*, No. 22-11132, Transcription of Oral Argument at 27:6-28:16 (5th Cir. May 1, 2023).

Absent an immediate appeal, the District Court's order authorizing the sale of the Appellant's home could have sent that asset off to a third party, had a new family move into the home, and presented a transaction that would have been very difficult to unwind at the end of what could have been a lengthy case. There is a permanence to allowing a sale of real property to close and, for that reason, this Court hears immediate appeals from lower court orders authorizing them, whether they occur inside or outside the context of a receivership.

In the event the panel does not grant rehearing and resolve the panel decision's direct conflict with this Court's prior precedents, this Court should grant rehearing *en banc* to restore the uniformity of this Court's decisions and to vacate and reverse the panel decision dismissing this case for lack of jurisdiction.

When a panel of this Court hears the case on the merits, recognizing this Court's long-standing rule of jurisdiction over orders authorizing receivers to sell property, reversal of the District Court's order is required. This Court has held that the Receiver seizing the home and seeking to sell it was illegally appointed. *Barton*, 72 F.4th at 648. The sale order thus was also error. And it is particularly egregious that allegations over the conduct of the Appellant's business could lead to the pretrial seizure and sale of his only home.

So clear is the course ahead, given the Court's intervening decision on the merits of the receivership, the *en banc* Court should consider summary action reversing the District Court's order. At a minimum, however, the panel's ruling that this Court lacks jurisdiction over orders authorizing a receiver to sell property cannot stand without a full hearing and consideration before the *en banc* Court.

## II. Rehearing En Banc Is Also Necessary to Preserve This Circuit's Rule That A Panel Cannot Overrule Prior Precedent Without the En Banc Court.

This Court should also grant rehearing *en banc* to secure and maintain uniformity of the Court's decisions regarding a panel's ability to reverse circuit precedent without the *en banc* Court. Fed. R. App. P. 35(b)(1)(A). As discussed above, the panel's decision conflicts with three panel decisions of this Court, two of which are published and precedential. *Netsphere II*, 799 F. 3d at 333-34; *Janvey*, 404 F. App'x at 914; *"A" Mfg.*, 541 F.2d at 506. If not reversed, the panel's decision also would conflict with decisions of this Court making clear that a panel may not rule contrary to a prior panel decision of this Court absent an intervening decision by the Supreme Court or by this Court sitting *en banc*. *Setser*, 607 F.3d at 131; *Burge*, 187 F.3d at 466.

When a panel of this Court confronted a prior Commission request to overturn *"A" Manufacturing* and hold that orders authorizing sales of property by receivers are not immediately appealable, the panel correctly held that it lacked the authority to do so and that such a request may only be made to the *en banc* Court. *Janvey*, 404 F. App'x at 914. As the Court explained: "It is well-established that a panel does not have the

authority to overrule a previous panel's decision absent an intervening, contrary, or superseding decision by this court, sitting en banc, or by the Supreme Court." *Id.* (*citing Setser,* 607 F.3d at 131).

This principle has been repeated in numerous published, precedential decisions of this Court. *See, e.g.*, *United States v. Castro-Alfonso*, 841 F.3d 292, 297 (5th Cir. 2016) ("The Fifth Circuit rule of orderliness dictates that 'absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court," a panel cannot overrule another panel's decision.'"); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) ("[O]ur rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'"); *Grabowski v. Jackson Cnty. Pub. Defs. Office*, 47 F.3d 1386, 1397 (5th Cir. 1995), *on reh'g en banc*, 79 F.3d 478 (5th Cir. 1996) ("As this court has repeatedly held, one panel cannot overrule another panel, even if one disagrees with the decision."); *Johnson v. Moral*, 843 F.2d 846, 848 (5th Cir. 1988), *on reh'g sub nom.*, 876 F.2d 477 (5th Cir. 1989) ("No rule is more firmly settled in our Circuit than that 'no panel . . . can overrule a decision previously made by another.'"); *Broussard v.*

*S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) ("The general rule in this Circuit is that one panel cannot overrule another panel.").

Importantly, this "rule is strict and rigidly applied." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). And this Court repeatedly has granted rehearing to avoid panels contradicting the principle that Circuit precedent cannot be overruled without the intervention of a Supreme Court or *en banc* Circuit Court decision. *See, e.g.*, *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 231 (5th Cir. 2022), *cert. denied sub nom. Douglass v. Kaisha*, 143 S. Ct. 1021 (2023); *United States v. Calverley*, 11 F.3d 505, 511 n.14 (5th Cir. 1993), *opinion reinstated in part on reh'g*, 37 F.3d 160 (5th Cir. 1994); *United States v. Hurtado*, 905 F.2d 74, 76 (5th Cir. 1990); *Johnson*, 843 F.2d at 848 ("Overruling precedent is a power reserved exclusively for the Court as a whole, sitting en banc.").

In this case, there is no intervening Supreme Court or *en banc* decision requiring a departure from established Circuit precedent that district court orders authorizing sales of property are immediately appealable. *See generally* Op. at 1-3 (citing no such developments). The

Court should therefore also grant rehearing *en banc* to resolve this conflict.

## CONCLUSION

If allowed to stand, the panel opinion effectively would overrule longstanding Fifth Circuit precedent establishing that district court orders authorizing receivers to sell property are immediately appealable to this Court. *"A" Mfg.*, 541 F.2d at 506; *see Janvey*, 404 F. App'x at 914; *Netsphere II*, 799 F.3d at 333-34. The Court should grant rehearing *en banc* to secure and maintain the uniformity of this Court's decisions. On rehearing *en banc*, the Court should either (i) summarily reverse the panel's decision as an unauthorized overruling of this Court's precedents or (ii) grant oral argument *en banc* to provide a uniform rule on the important question of whether district court orders authorizing the sale of real property are immediately appealable.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: August 13, 2023

## Certificate of Filing and Service

I hereby certify that on August 13, 2023, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F St., N.E.
Washington, DC 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange Commission
801 Cherry St., Suite 1900
Fort Worth, TX 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

/s/ Michael J. Edney

## Certificate of Compliance

I hereby certify that this document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 2,882 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*

# Exhibit A

Case: 22-11226 Document: 74-1 Page: 1 Date Filed: 06/19/2023

# United States Court of Appeals for the Fifth Circuit

No. 22-11226

United States Court of Appeals
Fifth Circuit
**FILED**
June 19, 2023
Lyle W. Cayce
Clerk

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Timothy Barton appeals the district court's approval of the sale of receivership property (the "Sale Order")—specifically, the sale of his home for the purpose of recouping Barton's unlawful gains from defrauded investors. We dismiss this appeal for lack of jurisdiction. The Sale Order is not a final decision amenable to appellate review, and the collateral order doctrine is not applicable.

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Case: 22-11226 Document: 74 Page: 2 Date Filed: 06/09/2023



We have jurisdiction to review only a limited set of interlocutory appeals. *Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir. 1995) ("Interlocutory appellate jurisdiction is the exception rather than the rule."). Congress has expressly set forth categories of receivership-related orders that may be appealed immediately. 28 U.S.C. § 1292(a)(2) (granting jurisdiction over appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property"). The Sale Order is not for purposes of "winding up" the instant receivership; it was instead "entered in the normal course of a receivership." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-32 (5th Cir. 2015). Neither was the Sale Order issued in the context of a foreclosure, which is a final order amenable to appeal. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. 1981).

Barton contends that the collateral order doctrine applies here. We disagree. As the collateral order inquiry is premised on entire categories of orders, we consider generally the sale of real property in the ordinary course of a receivership. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). Having weighed the relevant factors, we decline to permit appeals for such orders. *Id.* Indeed, Congress went out of its way to permit immediate appeals from a limited set of orders related to receiverships, including the appointment of a receiver in the first place. 28 U.S.C. § 1292(a)(2). As was the case here, the initial decision to place property under receivership was reviewed by the district court and reviewed again on appeal. The parties have engaged in vigorous motions practice below over what assets should be subject to the receivership in an effort to claw back illicit gains. The Sale Order came after all this review. It simply serves to ensure that the details of the sale are in the receivership's best interest. Such administrative matters need not and should not be immediately appealable.

This appeal is DISMISSED for lack of jurisdiction.