# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 1, 2023
Lyle W. Cayce
Clerk

No. 22-11226

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

ON PETITION FOR REHEARING
AND REHEARING EN BANC

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Because no member of the panel or judge in regular active service requested that the court be polled on rehearing en banc (Fed. R. App. P. 35 and 5th Cir. R. 35), the petition for rehearing en banc is DENIED.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

The petition for panel rehearing is also DENIED. We withdraw our previous opinion at 2023 WL 4060191, and substitute the following:

* * *

In a separate appeal in this matter, our court vacated the receivership because the district court had not made findings sufficient to establish the receiver's jurisdiction over Barton's property. *Sec. & Exch. Comm'n v. Barton*, No. 22-11132, -- F.4th -- (5th Cir. 2023). That opinion, as reissued, also suspended the receiver's ability to sell receivership property while awaiting vacatur. *Id.* ("[T]he receiver's power to sell or dispose of property belonging to receivership entities, including the power to complete sales or disposals of property already approved by the district court, is immediately suspended."). The receiver can no longer sell Barton's home, which was at issue here. Given these developments, we DISMISS this appeal as MOOT.